IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

ELECTRONICALLY
FILED
Jul 28 2021
U.S. DISTRICT COURT
Northern District of WV

JENNIFER SANCHEZ,

     Plaintiff,

v.

     Civil Action No. _5:21-CV-130_

     Judge _Bailey_

GP TRANSPORTATION CO., doing business
as GP Transco, CINTAS CORPORATION,
SCHNEIDER LOGISTICS, INC., also known as
SCHNEIDER INTERNATIONAL,
KOKOSING CONSTRUCTION COMPANY, INC.,
THE OLEN CORPORATION, CG ENTERPRISES, INC.
MCGRAW/KOKOSING, INC. AND
KOKOSING MATERIALS, INC.

     Defendants.

## **COMPLAINT**

NOW, comes the Plaintiff, Jennifer Sanchez, through her undersigned counsel, Eric J. Buckner and the law firm of Katz, Kantor, Stonestreet & Buckner, PLLC, who, for herComplaint against the Defendants, GP Transportation Co. d/b/a GP Transco; Cintas Corporation; Schneider Logistics, Inc. a/k/a Schneider International; Kokosing Construction Company, Inc.; The Olen Corporation; CG Enterprises, Inc.; McGraw/Kokosing, Inc.; and Kokosing Materials, Inc., states as follows:

1.     The Plaintiff, Jennifer Sanchez ("Plaintiff") at all times material and relevant hereto resided in Pearland, Brazoria County, Texas.

2.     Defendant, GP Transportation Co. d/b/a GP Transco ("Defendant GP Transco") at all times material and relevant hereto, was a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at 7955 South Cass Avenue, Darien, Illinois 60561.

3.      Defendant, Cintas Corporation ("Defendant Cintas") at all times material and relevant hereto, was a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at 6800 Cintas Boulevard, Cincinnati, Ohio 45262.

4.      Defendant, Schneider Logistics, Inc. a/k/a Schneider International ("Defendant Schneider") at all times material and relevant hereto, was a corporation organized and existing under the laws of the State of Wisconsin, with a principal place of business at 3101 S. Packerland Drive, Green Bay, Wisconsin 54306-2666.

5.      Defendant, Kokosing Construction Company, Inc. ("Defendant Kokosing") at all times material and relevant hereto, was a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at 6235 Westerville Road, Westerville, Ohio 43081.

6.      Defendant, The Olen Corporation ("Defendant Olen"), at all times material and relevant hereto, was a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at 1162 Hyatt Road, Fredericktown, Ohio 43019.

7.      Defendant, CG Enterprises, Inc. ("Defendant CG Enterprises"), at all times material and relevant hereto, was a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at 12001 Guilford Road #1, Annapolis Junction, Maryland 20701.

8.      Defendant, McGraw Kokosing, Inc. ("Defendant McGraw Kokosing"), at all times material and relevant hereto, was a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at 4701 Oxford State Road, Middletown, Ohio 45044.

9.      Defendant, Kokosing Materials, Inc., ("Defendant Kokosing Materials"), at all

times material and relevant hereto, was a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at P.O. Box 334, Fredericktown, Ohio 43019.

10.     It is believed, and therefore averred that Defendants Olen, CG Enterprises, McGraw Kokosing and Kokosing Materials in addition to acting in their individual capacity, were at all times material and relevant hereto, functions of, part of, partners with, co-owned by, co-owners with, controlled by, a subsidiary of, run by, in a joint venture relationship with, managed by, directed by and/or operated by Defendant Kokosing.

11.     Defendants Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials at all times material and relevant hereto, acted by and through their actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, and/or servants, and conducted business throughout the State of West Virginia, including, but not limited to, Ohio County.

12.     Defendants GP Transco, Cintas and Schneider at all times material and relevant hereto, acted by and through their actual, apparent, entrusted, authorized and/or ostensible agents, employees, contractors and/or servants, and conducted business throughout the State of West Virginia, including, but not limited to, Ohio County.

13.     Santari Sias, Jr. (hereinafter "Sias) at all times material and relevant hereto, was an actual, apparent, entrusted, authorized and/or ostensible agent, employee, contractor, representative, permissive operator and/or servant of Defendants GP Transco, Cintas and Schneider or acting pursuant to a joint venture relationship with Defendants GP Transco, Cintas and Schneider, as described more fully throughout this Complaint.

14.     Defendant GP Transco at all times material and relevant hereto, was an Interstate

motor carrier as defined by the Federal Motor Carrier Safety Regulations ("FMCSR"), and was required to comply with all applicable provisions/regulations provided for by the Federal Motor Carrier Safety Administration ("FMCSA") and the FMCSR.

15.     Defendant Cintas at all times material and relevant hereto, would hire, contract with and/or utilize the transportation services provided by commercial carriers, including, but not limited to GP Transco, to ship its products, materials and merchandise in direct furtherance of its specific business operation as a shipper and/or broker.

16.     Defendant Cintas at all times material and relevant hereto, was required to comply with all applicable provisions/regulations provided for by the FMCSA and the FMCSR concerning its specific relationship with commercial carriers, including, but not limited to GP Transco, as described more fully throughout the Complaint.

17.     Defendant Schneider at all times material and relevant hereto, was a registered broker and involved in the utilization of commercial motor vehicles to ship and/or transport products/materials in furtherance of its specific business operation as a shipper and/or broker.

18.     Defendant Schneider at all times material and relevant hereto, was required to comply with all applicable provisions/regulations provided for by the FMCSA and the FMCSR concerning its specific relationship with commercial carriers, including, but not limited to GP Transco, as described more fully throughout the Complaint.

19.     Defendant Schneider at all times material and relevant hereto, was responsible for all logistical activity at Cintas-branded warehouses.

20.     It is believed and therefore averred, Defendant Schneider at all times material and relevant hereto, brokered a contract between Defendants GP Transco, Cintas and Schneider, which

named Defendant GP Transco a "core freight service provider" for Defendants Cintas and Schneider.

21.     In the alternative, it is believed and therefore averred that Defendant Cintas at all times material and relevant hereto, brokered a contract between Defendants GP Transco, Cintas and Schneider, which named Defendant GP Transco a "core freight service provider" for Defendants Cintas and Schneider.

22.     Defendants Cintas and Schneider at all times material and relevant hereto, were specifically engaged in the business of providing services and goods; loading/shipping/transporting goods in Interstate shipping; hiring commercial carriers to transport goods interstate; hiring commercial carriers to ship goods interstate; retaining brokers, who in turn would locate, communicate with and hire commercial carriers to ship goods; advertising, promoting, distributing, selling and otherwise placing into the stream of commerce, goods, products and/or services related to being a professional shipper of goods and/or use of commercial carriers to transport such goods.

23.     Defendants GP Transco, Cintas and Schneider at all times material and relevant hereto, were businesses that continuously employed, worked with and/or associated with each other and/or acted pursuant to a joint venture relationship with each other in a manner that relates to all aspects of the business of professional commercial carrier companies and loading/shipping/transporting goods/products by utilizing commercial carriers.

24.     Defendants Cintas and Schneider at all times material and relevant hereto, hired, contracted with and/or utilized Defendant GP Transco to load/transport/deliver goods in direct furtherance of their specific business operation as a shipper and/or broker.

25.     Sias at all times material and relevant hereto, was the permissive operator of a

commercial motor vehicle that displayed Defendant GP Transco's business placard and federally issued USDOT and MC Numbers.

26.     Sias at all times material and relevant hereto, operated a commercial motor vehicle that was owned by, registered to and acted under the direct control, direction, authority and supervision of Defendants GP Transco, Cintas and Schneider.

27.     Defendants GP Transco, Cintas and Schneider at all times material and relevant hereto, had possession and control over the conduct, actions, inactions, omissions and behavior of Sias, while he operated the commercial motor vehicle at the time of the crash.

28.     Defendants GP Transco, Cintas, Schneider, Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials at all times material and relevant hereto, performed separate functions and/or committed separate acts and/or omissions, as set forth throughout this Complaint, so as to independently and/or individually cause the injuries and damages to Plaintiff, as set forth more fully throughout this Complaint.

29.     On or about September 30, 2019, Defendant Schneider extended an offer to enter into a contract with Defendant GP Transco to serve as a core freight service provider for Defendant Cintas, which would require Defendant GP Transco to load/transport/deliver goods in direct furtherance of Defendants Cintas and Schneider specific business operation as a shipper and/or broker.

30.     In the alternative, on or about September 30, 2019, Defendants Cintas and Schneider extended an offer to enter into a contract with Defendant GP Transco to serve as a core freight service provider for Defendant Cintas, which would require Defendant GP Transco to load/transport/deliver goods in direct furtherance of Defendants Cintas and Schneider specific business operation as a shipper and/or broker.

31.     It is believed and therefore averred that Defendant GP Transco signed/accepted the terms of the Defendants Schneider and Cintas agreement/contract on October 1, 2019.

32.     It is believed and therefore averred that Defendant GP Transco at all times material and relevant hereto, entered into a contract(s) where Defendants Cintas and Schneider provided specific terms/requirement which included, but were not limited to:

a)     Transportation of goods to and from Defendant Cintas' warehouse locations in Ohio, Pennsylvania, West Virginia and other U.S. states.

b)     Specific routes/ service areas.

c)     Motor Vehicle Report Service.

d)     Telematics Services.

e)     Safety & Compliance training and Consultation.

f)     Driver training.

g)     Insurance requirements of companies transporting Cintas' goods.

33.     The terms of such contract(s) establish not only Defendants Cintas and Schneider's ability to, but their absolute right to control the conduct/actions of Defendant GP Transco, along with any permissive operators utilizing GP Transco's commercial equipment, including, but not limited to Sias, whenever transporting/delivering a supplied/brokered load for and/or on behalf of Defendants Cintas and Schneider.

34.     Defendants GP Transco, Cintas and Schneider at all times material and relevant hereto, by and through their actual, apparent, authorized and/or ostensible agents, employees and/or servants:

a)     Controlled the operation of Sias' tractor trailer;

b)     Controlled the actions and/or omissions of those transporting goods on behalf of Defendants Cintas and Schneider, including Sias;

c)     Controlled the time frame in which those transporting goods on behalf of Defendants Cintas and Schneider should deliver said loads, including Sias;

d)     Controlled the direction in which those transporting goods on behalf of

Defendants Cintas and Schneider should travel, including Sias;

e)   Directed and/or instructed those transporting goods on behalf of Defendants Cintas and Schneider as it concerns the specific loads being delivered, including Sias;

f)   Operated the subject tractor trailer;

g)   Bore responsibility for the subject tractor trailer in fact and law; and/or

h)   Performed and/or failed to act pertaining to all necessary maintenance of the subject tractor trailer.

35.   Defendants GP Transco, Cintas and Schneider at all times material and relevant hereto, acted by and through actual, apparent, authorized and/or ostensible agents, employees, and/or servants, including but not limited to Sias who were acting:

a)   Within the scope of their agency and/or employment with the Defendants GP Transco, Cintas and Schneider;

b)   In furtherance of the Defendants GP Transco, Cintas and Schneider's business and pursuant to the joint venture relationship and under the actual, apparent, authorized and/or ostensible authority, control and/or right of control of Defendants GP Transco, Cintas and Schneider; and/or

c)   In the service of the Defendants GP Transco, Cintas and Schneider;

36.   Sias at all times material and relevant hereto:

a)   Committed acts and/or omissions of a kind and nature for which he was retained and/or employed to perform by Defendants GP Transco, Cintas and Schneider;

b)   Acted and/or failed to act within the authorized time and spatial limits, set and/or established for him by Defendants GP Transco, Cintas and Schneider;

c)   Acted and/or failed to act within the specific parameters established for him by Defendants GP Transco, Cintas and Schneider; and/or

d)   Acted and/or failed to act during the time frame during which he served the interests and/or purposes of the Defendants GP Transco, Cintas and Schneider.

37.   Sias at all times material and relevant hereto, was operating his tractor trailer pursuant to the joint venture relationship and/or as an actual, apparent, authorized and/or ostensible agent, employee, and/or servant of Defendants GP Transco Cintas and Schneider, and was

specifically dispatched by those Defendants to pick-up and transport goods from a Groveport, Ohio location, to a Pennsylvania location that required him to travel in, around and through Wheeling, Ohio County, West Virginia.

38.     Defendants GP Transco, Cintas and Schneider at all times material and relevant hereto, failed to comply with Part 391 of the FMCSR pertaining to Sias, as specifically provided for throughout this Complaint.

39.     Defendant GP Transco at all times material and relevant hereto, failed to comply with any of the specific requirements to Part 391 of the FMCSR, as specifically provided for throughout this Complaint.

40.     Additionally, at all times relevant hereto, Defendants Cintas and Defendant Schneider failed to also comply with the following subparts of Part 391:

    a)    Subpart C – Background and Character

        i.    These Defendants did not ever request from Defendant GP Transco the application for employment completed by Sias prior to his hiring with the company (Section 391.21);

        ii.    These Defendants did not ever request any investigations and inquiries made by Defendant GP Transco into Sias prior to hiring (Section 391.23);

        iii.    These Defendants did not ever request any annual inquiry and review of Sias' driving record obtained Defendant GP Transco;

    b)    Subpart D – Tests

        i.    These Defendants never required Sias to undergo a road test, nor did they ever request from Defendant GP Transco a copy of Sias' road test, or the equivalent of a road test (Sections 391.31 and 391.33);

    c)    Subpart E – Physical Qualifications

        i.    These Defendants permitted Sias to operate a tractor trailer combination without having him undergo and/or requiring proof he had a valid medical certificate certifying that he was physically/medically qualified to operate a box truck;

    d)    Subpart F – Files and Records

     i.     These Defendants never asked Defendant GP Transco for and/or reviewed the Driver Qualification File for Sias (Section 391.51).

41.    Defendants Cintas and Schneider at all times relevant hereto, simply allowed Sias to operate a tractor trailer in direct furtherance of those companies' business operations without consideration of the specific person to whom would be operating it, or that person's qualifications to do so safely and legally.

42.    On October 19, 2019, Defendant GP Transco was provided a Bill of Lading by Defendants Cintas and Schneider, which provided Defendants GP Transco and Sias with specific shipping instructions for the pick-up and delivery of the load being transported by Defendant GP Transco and Sias at the time of crash.

43.    Defendants GP Transco, Cintas and Schneider at all times material and relevant hereto, were all responsible for and/or required to oversee, manage, control and/or direct the actions/omissions of Sias.

44.    Defendants GP Transco, Cintas and Schneider at all times material and relevant hereto, knew, or should have known, of applicable federal, state and/or local laws prohibiting certain conduct which makes it unsafe to operate commercial motor vehicles.

45.    Defendants GP Transco, Cintas and Schneider at all times material and relevant herein, did not attempt to have Sias comply with applicable federal, state and/or local requirements when he operated the subject tractor trailer.

46.    On October 19, 2019, Sias was operating his tractor trailer combination on I-470 Eastbound, near mile marker 3 in Wheeling, Ohio County, West Virginia, transporting goods/merchandise for and/or on behalf of Defendants Cintas and Schneider.

47.    Defendants Cintas and Schneider at all times material and relevant herein, determined, directed, ordered, controlled and/or instructed Defendant GP Transco and Sias

concerning the particulars as to transporting the subject load, specifically, as to how, when, where and what was to be delivered.

48.     On October 19, 2019, Sias while traveling eastbound on I-470 in Wheeling, Ohio County, West Virginia, was acting pursuant to the joint venture relationship and/or within the course and scope of his actual and/or ostensible agency and/or employment with Defendants GP Transco, Cintas and Schneider.

49.     Sias at all times material and relevant hereto, was required to adhere to all logistics/plans of Defendants GP Transco, Cintas and Schneider.

50.     Based upon the above, Defendants GP Transco, Cintas and Schneider are all directly responsible for Sias' actions/inactions/omission when he was operating his tractor trailer at the time of the crash.

51.     On October 19, 2019, Plaintiff was operating a 2019 Cascadia Tractor Trailer on I-470 Eastbound near mile marker 3 in Wheeling, Ohio County, West Virginia.

52.     Plaintiff at all times material and relevant hereto, had just traveled into an area where traffic was stopping and/or stopped.

53.     Following the traffic pattern, Plaintiff, acting lawfully, prudently, reasonably and cautiously, brought her vehicle to a stop.

54.     Sias at all times material and relevant hereto, operated his tractor trailer at an excessive, unsafe and/or unreasonable speed based on the existing conditions, which included, but were not limited to, driving into an area where traffic was slowed and/or stopped.

55.     Suddenly and without warning, Sias negligently, carelessly, recklessly and outrageously caused his tractor trailer to violently rear-end a vehicle operated by David Reed

Burke.

56.     The violent/forceful/lethal impact of Sias' tractor trailer, directly and proximately caused Mr. Burke's vehicle to launch forward into a trailer positioned directly in front of his vehicle, driven by Plaintiff, causing Burke's vehicle to be completely crushed and causing catastrophic damages to Plaintiff's vehicle.

57.     Sias at all times material and relevant hereto, operated his tractor trailer at such an excessive, unsafe and/or unreasonable speed, that after slamming into Burke's vehicle, which slammed into the Plaintiff's trailer, it continued along I-470 for approximately another 40-yards, where it then crashed into the median embankment and burst into flames.

58.     Sias at all times material and relevant hereto, owed Plaintiff a duty to exercise due and reasonable care to maintain control of his tractor trailer at a safe and reasonable speed and to obey all applicable regulations, rules and laws.

59.     Sias at all times material and relevant hereto, breached his duty of care to all vehicles traveling on I-470, specifically Plaintiff, when he negligently, carelessly and/or recklessly caused a violent rear-end collision.

60.     Sias at all times material and relevant hereto, breached his duty of care to all vehicles traveling I-470, specifically Plaintiff, when he negligently, carelessly and/or recklessly failed to be aware/cognizant of all circumstances/events that were occurring in front of his vehicle, and then he negligently, carelessly and recklessly crashed into the Burke vehicle causing it to violently crash into Plaintiff's vehicle.

61.     Sias' negligent, careless and/or reckless driving actions and/or omissions were the direct and proximate cause of the collision and Plaintiff's injuries.

62.     At all times material and relevant herein, Plaintiff acted lawfully, carefully and prudently and in no way caused or contributed to the collision.

63.     The injuries and damages suffered by Plaintiff are the direct and proximate result of Sias' negligent, careless and/or reckless conduct, in the following particulars:

a)      Failing to maintain proper control of his vehicle;

b)      Failing to keep a proper lookout for traffic and roadway conditions that existed in front of his tractor and trailer combination;

c)      Failing to keep an appropriate lookout for surrounding traffic;

d)      Continuing to operate his tractor and trailer combination in a direction towards Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen that further operation in that direction would result in a collision;

e)      Operating a tractor trailer combination while he was distracted and/or inattentive and failed to maintain a sharp lookout of the road and the condition of the traffic surrounding him;

f)      Failing to control the speed of the tractor trailer combination he was operating;

g)      Failing to operate the brakes in such a manner so that he could stop his tractor trailer combination before colliding with Plaintiff's vehicle;

h)      Failing to yield to Plaintiff's right of way;

i)      Failing to comply with West Virginia law pertaining to the operation of a vehicle in a willful and wanton disregard for the safety of persons and property;

j)      Failing to comply with West Virginia law in that he operated his tractor trailer combination without due regard for the rights, safety and position of other motorists, including, but not limited to Plaintiff;

k)      Failing to comply with West Virginia law in that he operated his tractor trailer combination in a reckless manner;

l)      Operating his tractor trailer combination at a high, dangerous and reckless rate of speed under the circumstances that then and there existed;

m)      Operating a tractor trailer combination while distracted and/or fatigued;

n)      Failing to adhere to all Federal/State/Local regulations and laws when operating a commercial vehicle;

o)      Failing to adhere to all Defendants' internal policies and procedures

concerning the safe and lawful operation of a tractor trailer combination;

p)    Violating industry standards concerning rest times, hours worked, hours driven, attentiveness, distracted driving and/or adhering to the traffic laws concerning the operation of commercial motor vehicles on highways and roads;

q)    Failing to properly anticipate, plan and/or prepare for and/or prevent emergencies and/or equipment failure;

r)    Failing to comply with industry best practices and/or safety standards;

s)    Failing to employ and/or utilize defensive driving technics to monitor existing traffic and roadway conditions surrounding his vehicle;

t)    Causing a preventable collision;

u)    Operating a tractor trailer when he was physically and/or mentally unprepared and/or incapable of doing so safely;

v)    Failing to perform an appropriate pre-trip inspection;

w)    Failing to employ and/or utilize training he received to become a licensed commercial driver;

x)    Failing to employ and/or understand space management, specifically, managing the space in, around and in front of his vehicle at all relevant times;

y)    Failing to practice and/or understand, at minimum, safety standard concepts as outlined in the FMCSR and the Commercial Driving License manual;

z)    Failing to recognize obvious hazards which should have been anticipated and/or guarded against when operating a tractor trailer, specifically, being cognizant of vehicles stopping and/or slowing in his travel lane;

aa)   Violating the applicable sections of the Federal Motor Carrier Safety Regulations ("FMCSR"), inasmuch as those sections provide the minimum, generally accepted standards of care in the trucking industry;

bb)   Operating the tractor trailer combination in violation of the laws, ordinances and regulations of the State of West Virginia, in violation of FMCSR § 392.2; and

cc)   Following too closely, in violation of WV Code § 17C-7-10.

64.    Sias at all times material and relevant hereto was acting within the scope and course of his employment and/or specific relationship and/or pursuant to a joint venture relationship with Defendants GP Transco, Cintas and Schneider, as specifically outlined throughout this Complaint.

Consequently, Defendants GP Transco, Cintas and Schneider are vicariously liable for all injuries and damages caused by the negligent, careless and/or reckless acts of Sias pursuant to the doctrine of *respondeat superior*.

65.     Defendants GP Transco, Cintas and Schneider are fully liable for the acts of its respective actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, including, but not limited to, Sias, who was/were operating within the course and scope of his/their employment and/or agency relationships pursuant to the doctrine of joint venture, vicarious liability and/or actual or implied agency, or other common law or statutory theories of liability.

66.     The injuries and damages suffered by Plaintiff were also the direct and proximate result of Defendant GP Transco's own negligent, careless and reckless conduct in the following particulars:

    a)    Failing to adequately monitor, control and/or supervise Sias who was operating the tractor trailer combination on behalf of the company;

    b)    Permitting Sias to operate a tractor trailer combination without first undertaking adequate measures to ensure that he in fact possessed the requisite skills, ability, training, experience and/or was in fact capable of safely operating the equipment in a lawful manner, so as not to harm others driving on the roadway;

    c)    Failing to ensure that Sias complied with applicable FMCSR while operating a tractor trailer combination;

    d)    Permitting Sias to operate a tractor trailer combination without first undertaking adequate measures to ensure that he in fact possessed the requisite skills, ability, training, experience and/or was in fact capable of safely operating the equipment in a lawful manner, so as not to harm others driving on the roadway;

    e)    Failing to inquire, investigate and/or determine whether Sias was qualified to legally operate a tractor trailer combination on the day of the collision, in direct violation of Part 391 of the FMCSR;

    f)    Failing to instruct and/or train its drivers, including Sias, in the safe, proper

and prudent operation of a tractor trailer to include, but not be limited to, the safety laws, rules and/or regulations provided in all applicable Commercial Drivers' Manuals, the FMCSR and/or the traffic laws of West Virginia;

g) Failing to instruct and/or train its drivers, including Sias, how to maintain a safe speed when operating a tractor trailer combination so as to avoid collisions with other vehicles using the roadway;

h) Failing to instruct and/or train its drivers, including Sias, regarding defensive driving techniques and/or the Smith Systems;

i) Failing to instruct and/or train its drivers, including Sias, of the importance of *West Virginia Code* §17-C-6-1, and to never operate a commercial motor vehicle at a speed greater than reasonable and prudent under the existing circumstances;

j) Failing to instruct and/or train its drivers, including Sias, regarding space management in, around and in front of a tractor trailer, so as to avoid collisions with others utilizing the roadway;

k) Failing to instruct and/or train its drivers, including Sias, regarding speed management, speed and stopping distances, speed and visibility and speed and traffic flow, so as to avoid collisions with others utilizing the roadway;

l) Failing to instruct and/or train its drivers, including Sias, regarding various approved techniques for commercial drivers to perform a visual search ahead of their vehicle, so as to avoid collisions with others utilizing the roadway;

m) Failing to instruct and/or train its drivers, including Sias, regarding proper anticipation, to plan and/or prepare for, to prevent emergencies and/or prevent equipment failure, so as to avoid collisions with others utilizing the roadway;

n) Failing to ensure its drivers, including Sias, complied with and/or observed the FMCSR in violation of 49 C.F.R. § 390.11;

o) Failing to ensure its drivers, including Sias, conducted pre-trip, pre-operation, post-trip and/or post operation inspections as required by the FMCSR and the FMCSA;

p) Failing to implement company procedures and/or policies directed towards its drivers, including Sias, concerning safe driving principles on traveled roadways;

q) Failing to develop policies and/or procedures directed to its drivers, including Sias, concerning the proper, safe and lawful operation of a tractor trailer to protect other drivers on the road;

r) Failing to properly instruct, train and/or educate its drivers, including Sias, to not operate a tractor trailer combination while distracted;

s)      Permitting its drivers, including Sias, to drive such equipment in an unsafe manner in direct violation of 49 C.F.R. §396.7;

t)      Failing to comply with 49 C.F.R. 396.3 requiring proper vehicle inspections, repairs and maintenance;

u)      Failing to comply with 49 C.F.R. 396.13 requiring proper vehicle inspections by persons permitted to operate a commercial motor vehicle owned and/or controlled by Defendant;

v)      Failing to comply with 49 C.F.R. Section 390.13 which prohibits aiding, abetting, encouraging, and/or requiring violations of the FMCSR;

w)      Permitting Sias to operate a tractor trailer on limited sleep, while drowsy, fatigued and/or sleepy in direct violation of 49 C.F.R. Section 392.3;

x)      Failing to ensure that Sias only drove a tractor trailer within the specified number of hours he was permitted, as limited by federal and state law regulations;

y)      Failing to know and/or comply with the FMCSR, as required by 49 C.F.R. §390.3(e)(1);

z)      Failing to instruct Sias on the requirements of the FMCSR, as required by 49 C.F.R. §390.3(e)(2);

aa)     Failing to employ a competent and/or qualified safety director;

bb)     Failing to adequately staff a safety department;

cc)     Failing to inspect, maintain and/or repair the subject tractor trailer combination to ensure that all of its parts, mechanisms and equipment were working so it could safely operate in direct violation of 49 C.F.R. Section 392.7;

dd)     Failing to intervene and/or prevent Sias from violating Federal, State and/or Local Rules, Regulations and/or Laws when it knew and/or should have known that he was unaware of and/or had the propensity to violate same;

ee)     Failing to comply with all applicable state and federal laws under the circumstances as provided for under FMCSR 390.3;

ff)     Failing to comply with industry best practices and/or safety standards;

gg)     Violating Federal, State and Local Safety Regulations, including the FMCSR;

hh)     Failing to exercise due care generally; and

ii)     Failing to discharge its duty to meet minimum standards of safety for the public and persons like Plaintiff.

67.     Defendants Cintas and Schneider also had a duty to act reasonably in

arranging transportation on public roadways, in investigating the fitness of commercial carriers they would use to transport goods, including, but not limited to, Defendant GP Transco, prior to contracting with and/or hiring commercial carriers to transport loads interstate, and not to contract with, hire or retain a commercial trucking company, including, but not limited to GP Transco, that they knew, or should have known, posed a risk of harm to others and which was otherwise not competent or fit to operate commercial motor vehicles on public roadways.

68.     Defendants Cintas and Schneider also had a duty to act reasonably in advising in the hiring and retaining of Defendant GP Transco and their drivers, including, but limited to Sias, and to adopt and enforce policies, procedures and rules to ensure that all of the commercial carriers that it would contract and/or hire to transport loads in direct furtherance of their specific business operations, had the experience, training and knowledge to safely operate commercial motor vehicles.

69.     Defendant GP Transco at all times material and relevant hereto, had a substantial history of unsafe driving violations, hours of service violations, vehicle maintenance violations, drug and alcohol violations and driver fitness violations.

70.     Based on the above, GP Transco was an incompetent motor carrier and hired an incompetent driver, Sias. Such incompetency was a direct and proximate causes of the crash and Plaintiff's injuries and damages.

71.     In addition to the above, Defendants Cintas and Schneider had the right to control the manner of work performed, the right to discharge, the method of payment and/or the level of skill involved, among other things, with respect to Defendant GP Transco and the transportation of Defendants Cintas and Schneider's goods.

72.     Defendants Cintas and Schneider, sophisticated transportation services

providers that are regularly engaged in the business of shipping, knew or should have known that Defendant GP Transco had a substantial history of violations and was an incompetent motor carrier, and as such should have conducted further investigation and otherwise exercised due caution with respect to Defendants GP Transco and Sias, which were unfit to operate safely and provide competent transportation.

73.     The injuries and damages suffered by Plaintiff were the direct and proximate result of Defendants Cintas and Schneider's negligent, careless and/or reckless conduct, in the following particulars:

a)     Failing to exercise due care in arranging the transportation of goods and services;

b)     Hiring and/or retaining Defendant GP Transco and Sias when they knew, should have known, or intentionally chose not to know that Defendant GP Transco and Sias presented a risk of harm to others and were otherwise incompetent and unfit to perform the duties of an interstate motor carrier;

c)     Failing to provide adequate safety and vehicle operation training to its agents, servants and/or employees in the use of its commercial motor vehicle, particularly Sias;

d)     Failing to provide adequate safety and vehicle operation training to its agents, servants and/or employees in the use of its motor vehicles, particularly Sias;

e)     Failing to monitor the Defendant and Sias in real time to make sure deliveries were done in a safe manner;

f)     Failing to discover or ascertain the inabilities, incompetence, and deficiencies of Sias related to driving prior to entrusting him to deliver the subject load;

g)     Failing to properly control Sias, and restrain him from operating a motor vehicle in order to prevent injury to the general public, including Plaintiff, when said Defendants knew or should have known of the high likelihood that Sias would operate a motor vehicle in a dangerous, negligent and reckless manner;

h)     Failing to control and supervise its agent, servant and/or employees, including but not limited to Sias in such a manner that Plaintiff would not be injured as a result of his conduct;

i)     Failing to investigate and evaluate Sias' medical, driving, and any other

relevant background as it related to his employment as a driver for Defendants, especially as it relates to the operation of a motor vehicle;

j)      Failing to develop policies and procedures concerning proper operation of a tractor trailer combination that relate to control of said vehicle and/or adhering to laws protecting other drivers on the road;

k)      Failing to properly research the credentials of its employees, agents and/or servants to determine whether they are qualified, licensed, and/or competent to perform the services which Defendants hired them to perform;

l)      Hiring unqualified, unlicensed, and/or incompetent personnel to perform services which should only be performed by qualified professional drivers and persons;

m)      Permitting agents, employees and/or servants to perform jobs which its agents, employees and/or servants are not certified, registered, licensed, competent and/or qualified to perform;

n)      Failing to train, instruct and educate Sias in the proper procedure and technique in the operation of a tractor trailer combination;

o)      Failing to train, instruct and educate Sias in all the duties and procedures required when acting as an employee, agent and/or servant of Defendant Cintas and Defendant Schneider;

p)      Failing to enforce and/or prohibit fatigued drivers from operating a tractor trailer combination and/or making deliveries;

q)      Failing to make sure drivers are attentive and not distracted when operating a tractor trailer combination;

r)      Failing to make sure that traffic laws were followed by its drivers concerning driving on roads, highways and streets;

s)      Failing to adopt policies and procedures to monitor drivers and/or deliveries;

t)      Failing to make sure the driver was complying with all Federal, state, and local regulations and laws;

u)      Allowing, directing and/or permitting Sias to drive and/or work on limited sleep, while drowsy, fatigued and/or sleepy;

v)      Failing to ensure that its agents, servants and/or employees only drove the specified number of hours as limited by federal, state, local laws and regulations;

w)      Failing to comply and know the FMCSR as required by 49 C.F.R. Section 390(e)(1);

x)      Failing to instruct Sias on the requirements of the FMCSR, as required by 49 C.F.R. Section 390.3(e)(2);

y)      Failing to know and comply with FMCSR, as required by 49 C.F.R. Section

390.3(e)(1);

z)  Failing to comply with 49 C.F.R. Section 390.3(e)(2);

aa)  Failing to comply with 49 C.F.R. Section 390.13;

bb)  Failing to comply with 49 C.F.R. Section 392.3 which prohibits driving when alertness is impaired by fatigue, illness, and/or other causes;

cc)  Failing to comply with 49 C.F.R. Section 392.6 which prohibits scheduling runs and/or permitting or requiring vehicle operation between points in such a limited period of time as to necessitate excessive and/or unreasonable speeds for existing conditions;

dd)  Failing to comply with 49 C.F.R. Section 390.11 which requires motor carriers to ensure that its drivers, agents, servants and/or employees comply with and/or observe the FMCSR;

ee)  Failing to comply with 49 C.F.R. Section 396.7 which prohibits unsafe vehicle operation;

ff)  Failing to comply with 49 C.F.R. Section 396.13 which requires proper vehicle inspections by the driver;

gg)  Failing to comply with Federal, state and local laws and regulations;

hh)  Failing to comply with 49 C.F.R. Section 390.13 which prohibits aiding, abetting, encouraging, and/or requiring violations of the FMCSR;

ii)  Failing to properly anticipate, plan and/or prepare for, and/or prevent emergencies and/or equipment failure;

jj)  Failing to properly train its agents, servants and/or employees to properly anticipate, plan and/or prepare for emergencies or equipment failure;

kk)  Hiring Defendant GP Transco;

ll)  Hiring Sias and allowing him to drive;

mm)  Failing to properly supervise Sias and Defendant GP Transco;

nn)  Failing to properly oversee and/or control Sias and Defendant GP Transco when Defendant Cintas and Defendant Schneider knew or should have known it was necessary and reasonable;

oo)  Failing to properly screen and perform background checks on their drivers and/or carriers;

pp)  Failing to employ a competent and/or qualified safety director;

qq)  Failing to adequately staff the safety department;

rr)  Failing to ensure that vehicles being used to transport goods were properly maintained and/or cared for;

ss)  Failing to conduct or require their drivers to conduct pre-trip, pre-operation,

post-trip and post operation inspections;

tt)    Failing to intervene and/or prevent and/or stop safety violations and/or violations of Federal, state, or local rules, regulations and/or laws by Defendant Sias when these Defendants knew or should have known of the same;

uu)   Failing to comply with industry best practices and/or safety standards;

vv)   Violating federal and state law;

ww)  Violating federal, state and local safety regulations, including the FMCSR;

xx)   Failing to discharge its duty to meet minimum standards of safety for the public and persons like Plaintiff;

yy)   Failing to comply with all requirements stated previously in this Complaint;

zz)   Negligently entrusting the tractor trailer combination to all Defendants and Sias;

aaa)  Negligently brokering a load to Defendant GP Transco and Sias;

bbb)  In hiring and/or entrusting goods and merchandise to unqualified carriers and/or persons;

ccc)  Failing to comply with industry best practices and/or safety standards; and

ddd)  Failing to discharge its duty to meet minimum standards of safety for the public and persons like Plaintiff.

74.    Defendants Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials, at all times material and relevant hereto, had a duty to act reasonably in designing the construction zone, to safely manage the roadway, and in placing signage on public roadways.

75.    Defendants Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials at all times material and relevant hereto, also had a duty to take reasonable care to create a safe construction zone, to place appropriate signage, to place appropriate warnings and/or to prevent unsafe traffic patterns that were likely to cause a collision.

76.    Defendants Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials were responsible for the construction zone, signage, and traffic patterns that caused the slow-down prior to the subject motor vehicle incident, it is believed and therefore averred that Defendants Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials were a

direct and proximate cause of the subject fatal collision and the injuries and damages suffered by Plaintiff.

77.     The injuries and damages suffered by Plaintiff were the direct and proximate result of Defendant Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials' negligent, careless and/or reckless conduct, in the following particulars:

a)     Failing to post appropriate and/or sufficient construction zone signage and/or warning signs;

b)     Failure to properly train it employees/agents;

c)     Failure to properly supervise its employees/agents;

d)     Failure to select appropriate and qualified subcontractors who worked on the project;

e)     Failing to properly maintain a construction zone;

f)     Failing to properly manage traffic;

g)     Failing to properly manage the roadway;

h)     Designing a construction zone that created hazardous conditions, including but not limited to, sudden stops and/or slow-downs;

i)     Failure to properly select a competent design professional to design the project;

j)     Creating unsafe driving conditions and/or traffic patterns;

k)     Causing traffic to slow down suddenly and without sufficient warnings;

l)     Causing unnecessary back-ups and/or traffic slowdowns;

m)     Failing to safely control traffic flow;

n)     Causing dangerous traffic patterns;

o)     Causing vehicles traveling on the roadway to stop and/or slow down suddenly and without proper warning;

p)     Creating dangerous and unsafe driving conditions;

q)     Causing and/or contributing to a preventable fatal collision;

r)     Failing to exercise due care generally; and

s)     Failing to discharge its duty to meet minimum standards of safety for the public and persons like Plaintiff.

78.     Defendants Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials at all times material and relevant hereto, breached their duties owed to Plaintiff, as thoroughly described throughout this Complaint.

79.     The actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives and/or servants, who was/were acting within the course and scope of their employment and/or agency relationships with Defendants Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials, at all times material and relevant hereto, breached their duties owed to Plaintiff, as thoroughly described throughout this Complaint.

80.     Defendants Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials at all times material and relevant hereto, were fully liable for the acts of its respective actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives and/or servants, who was/were operating within the course and scope of his/their employment and/or agency relationships pursuant to the doctrine of joint venture, vicarious liability and/or actual or implied agency, or other common law or statutory theories of liability.

81.     Defendants GP Transco, Cintas and Schneider, Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials along with Sias, each owed a duty to Plaintiff to use reasonable care for his safety in all the particulars as set forth throughout this Complaint.

82.     Defendants GP Transco, Cintas and Schneider, Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials along with Sias, as described throughout this Complaint, exhibited a conscious disregard for the rights and safety of Plaintiff, and other individuals who were operating vehicles at and/or near the crash location, as their stated conduct had a great probability of causing substantial harm.

83.     As a direct, proximate and reasonably foreseeable result of Defendants GP Transco, Cintas and Schneider, Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials along with Sias', negligent, careless and/or reckless conduct as described  herein, Plaintiff suffered severe and permanent injuries.

84.     As a direct, proximate and reasonably foreseeable result of Defendants GP Transco, Cintas and Schneider, Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials along with Sias', negligent, careless and/or reckless conduct as described herein, Plaintiff suffered, continues to suffer, and will continue to suffer in the future, agonizing physical suffering and pain, mental anguish, emotional distress, fright, shock, terror, ordeal and anxiety as a result of the serious injuries she suffered, which include, but are not necessarily limited to, a cervical disc herniation, injuries to her neck, head, brain, shoulder, back, radiculopathy and injuries to her nervous system.

85.     As a further direct and proximate result of Defendants GP Transco, Cintas and Schneider, Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials along with Sias', negligent, careless and/or reckless conduct as described herein, Plaintiff, in an attempt to treat her injuries, incurred reasonable and necessary health care expenses and other expenses have been incurred, and it is reasonably expect that future health care, with associated expenses, and other pecuniary losses, shall be experienced.

86.     As a further direct and proximate result of Defendants GP Transco, Cintas and Schneider, Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials along with Sias', negligent, careless and/or reckless conduct as described herein, Plaintiff suffered damages in the form of lost wages and to a reasonable degree of certainty future lost wages and/or loss earning capacity will be experienced by Plaintiff.

87.     As a further direct and proximate result of Defendants GP Transco, Cintas and Schneider, Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials along with Sias', negligent, careless and/or reckless conduct as described herein, the Plaintiff also suffered special damages in the form of past, present and future loss of household services.

88.     As a further direct and proximate result of Defendants GP Transco, Cintas and Schneider, Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials along with Sias', negligent, careless and/or reckless conduct as described herein, the Plaintiff reasonably believes that some of her injuries are permanent and that she will incur future physical pain. Disfigurement, mental and emotional distress, anguish and a diminishment in her ability to fully function and to enjoy life.

89.     The Defendants GP Transco, Cintas, Schneider, Kokosing, Olen, CG Enterprises, McGraw Kokosing, and Kokosing Materials along with Sias', reckless and outrageous conduct as described herein, blatantly disregarded the rights of Plaintiff, and as such, the Plaintiff is entitled to recover punitive damages from the Defendants in order to deter them and others from engaging in similar conduct in the future.

**WHEREFORE**, Plaintiff, Jennifer Sanchez, respectfully prays that judgment be entered against Defendants GP Transportation Co. d/b/a GP Transco; Cintas Corporation; Schneider Logistics, Inc. a/k/a Schneider International; Kokosing Construction Company, Inc.; The Olen Corporation; CG Enterprises, Inc.; McGraw/Kokosing, Inc.; and Kokosing Materials, Inc., jointly and severally, for compensatory damages, as well as punitive damages, and for prejudgment and post-judgement interest, attorney fees and costs expended in this action, any other specific or general relief as may become apparent as this matter progresses, and such other relief as this Court Deems proper.

## A JURY TRIAL IS DEMANDED ON ALL ISSUES

Jennifer Sanchez, Plaintiff,

*/s/ Eric J. Buckner*
Eric J. Buckner, Esquire (#9578)
Katz, Kantor, Stonestreet & Buckner, PLLC
207 South Walker Street
Princeton, WV 24740
T: (304) 431-4050
F: (304) 431-4060
ebuckner@kksblaw.com
*Counsel for Plaintiff*